IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-03-CR-162-D |
| JEFFREY W. PARLIN | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Jeffrey W. Parlin, by and through his attorney, has filed a motion to quash

subpoenas served on Wells Fargo Bank and Bank of America as part of the government's effort to

collect a $132,911.09 criminal restitution judgment.  For the reasons stated herein, the motion is

denied.

In 2003, defendant was sentenced to 30 months confinement after pleading guilty to one

count of making, possessing, and uttering forged and counterfeit securities in violation of 18 U.S.C.

§ 513(a).  The district court also ordered defendant to pay $132,911.09 in restitution to the United

States District Clerk for disbursement to the Michael Baker Agency.  (*See* Gov't Am. Resp. App.,

Exh. A at 004 & 006).  The judgment provides, in pertinent part, that "[i]f restitution has not been

paid in full within 60 days after defendant is released from custody, the defendant shall make

payments on such unpaid balance at the rate of at least $150.00 per month until the restitution is paid

in full."  (*Id.*).  To date, defendant, who is no longer is custody, has paid $8,001.00 toward his

restitution debt.  (*See id.*, Exh. B at 007-12).  In an effort to collect the outstanding balance owed by

defendant, the government has utilized certain post-judgment collection procedures authorized by

the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, including issuing Rule 45

subpoenas to Wells Fargo Bank and Bank of America for records pertaining to accounts belonging to defendant for the period from January 1, 2009 to the present. (*See id.*, Exh. F at 018-20 & Exh. G at 023-25). Defendant now moves to quash or modify the subpoenas on two grounds: (1) he is not delinquent in his restitution payments; and (2) the subpoenas require the disclosure of bank records for accounts that do not belong to him.

The court summarily rejects defendant's first argument--that the government cannot conduct discovery because he is making restitution payments in the amount of $150.00 per month as ordered by the court. The judgment in this case does not limit defendant's obligation to pay restitution to $150.00 per month. Instead, the judgment requires defendant to pay "*at least* $150.00 per month until the restitution is paid in full." (Gov't Am. Resp. App., Exh. A at 004 & 006) (emphasis added). In rejecting a similar argument made by a defendant who was making restitution payments in the amount of $100.00 per month, a district court in Virginia noted:

> The alternative schedule of $100 per month was imposed in the event that the full amount was not paid, and the use of such schedule was not intended to preclude the government from pursuing other means of enforcement . . . Therefore, the fact that the defendant in this case is current on her monthly installments does not prevent the government from obtaining a debtor's examination in an effort to independently enforce the restitution order.

*United States v. Hawkins*, 392 F.Supp.2d 757, 760 (W.D. Va. 2005) (internal citations omitted); *see also United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (rejecting argument that government could not enforce restitution order because judgment provided for payment in installments).

Nor has defendant shown that the subpoenas require the disclosure of privileged or confidential information belonging to other persons or entities. The court initially observes that the type of records subpoenaed by the government, which include account signature cards and applications, monthly bank statements, deposit and withdrawal slips, wire transfer records, and loan

or credit applications, are not inherently privileged or confidential. *See, e.g. SEC v. W Financial Group, LLC*, No. 3-08-CV-0499-N, 2009 WL 636540 at *1 (N.D. Tex. Mar. 9, 2009) (citing cases) (noting that there is no legitimate expectation of privacy in the contents of checks, deposit slips, or bank statements). Moreover, there is absolutely no evidence to support defendant's assertion that the accounts at issue belong to anyone other than himself.[1]

The government has a right to discover information pertaining to defendant's ability to satisfy the restitution order entered in this case. *See FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). The subpoenas issued to Wells Fargo Bank and Bank of America are legitimate tools for post-judgment discovery. Accordingly, defendant's motion to quash the subpoenas [Doc. #47] is denied.

SO ORDERED.

DATED: May 10, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If, as defendant alleges, the bank accounts belong to other persons or entities and do not contain any information pertaining to him, the court questions whether he would have standing to quash or modify the subpoenas. *See Bramell v. Aspen Exploration, Inc.*, No. 4-05-CV-384, 2008 WL 4425368 at *1 (E.D. Tex. Sept. 24, 2008), *quoting Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995) ("A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.").